IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID TURNBAUGH )
    Plaintiff, )
v. )
)
DEERFIELD POLICE DEPARTMENT and )
VILLAGE OF DEERFIELD )
    Defendants. )

DEC - 5 2002

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

**JUDGE KOCORAS**

**02C 8784**

## COMPLAINT
**Plaintiff Demands Trial by Jury**

NOW COMES the Plaintiff, DAVID TURNBAUGH, by and through his undersigned attorneys, ASHMAN & STEIN, and for his Complaint against the Defendants, DEERFIELD POLICE DEPARTMENT and VILLAGE OF DEERFIELD, alleges and states as follows:

### THE PARTIES

1.   Plaintiff, David Turnbaugh (Turnbaugh), is a resident of Libertyville in the County of Lake, State of Illinois.

2.   Plaintiff is informed and believes, and based thereon alleges, that Defendant, Village of Deerfield ("Deerfield") is an incorporated municipality and a political subdivision of the State of Illinois.

3.   Plaintiff is further informed and believes, and based thereon alleges, that Defendant, Deerfield Police Department ("Police"), is a department within and of Defendant Deerfield.

4.   This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq.. The jurisdiction of this Court is properly invoked based upon the existence of a federal question.

5.   Venue in this Court is proper pursuant to 28 U.S.C. 1391(b), because the claim arises

out of incidents occurring in this judicial district.

6. Plaintiff timely filed charges of age discrimination and retaliation in the Equal Employment Opportunity Commission ("EEOC") and has met all of the necessary administrative prerequisites for the filing of this action. The EEOC issued to Plaintiff a Notice of Right to Sue dated November 20, 2002 (Exhibit A) and this action was commenced within ninety (90) days from the date of such Notice.

7. Plaintiff was hired by the Defendants on December 23, 1968 and has been continually employed by Defendants since that date.

8 Plaintiff's birth date is September 1, 1947.

9. Plaintiff currently holds the position of Commander in Defendant Police's Patrol Division.

10. Plaintiff is among the oldest, if not the oldest, police officer of Defendant Police and has more years of service with the Defendants than any other police officer employed by Defendants.

11. Plaintiff has been, and remains, qualified for the position Plaintiff holds and is, and has been, qualified for each of the positions Plaintiff holds and has held while employed by Defendants.

12. Plaintiff is performing, and has performed, the duties of each of the positions Plaintiff holds, and has held, with Defendants in accordance with the reasonable expectations of Defendants.

13. Plaintiff has never given notice that he wishes to retire from Defendant Police.

14. Each of the Defendants is an "employer" under the ADEA.

15. Plaintiff is informed and believes, and based thereon alleges, that it is, and has been,

15.  Plaintiff is informed and believes, and based thereon alleges, that it is, and has been, the policy and practice of Defendants to discriminate against supervisory officers of Defendant Police on account of their age and in anticipation of their retirement and that it has been the policy and practice of Defendants to transfer older Shift Commanders out of operations and into supervisory positions in the Defendant Police's Traffic Unit, involving substantially less responsibility and authority within Defendant Police.

16.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff was transferred out of supervisory positions in operations and into Defendant Police's Traffic Unit and replaced by younger supervisory officers solely because of Plaintiff's age and that Defendant Police has taken a number of other adverse actions against Plaintiff for the purpose of forcing Plaintiff's retirement because of his age.

17.  Plaintiffs is further informed and believes, and based thereon alleges, that Defendants willfully discriminated against Plaintiff on the basis of his age and, therefore, violated the ADEA, 29 U.S.C. §621, *et seq.*

18.  On February 1, 2002, Plaintiff filed a Complaint in the United States District Court for the Northern District of Illinois claiming age discrimination ( the "Complaint"). That Complaint is now pending in the U.S. District Court for the Northern District of Illinois as Case 02 C 0818.

19.  Plaintiff subsequently amended the Complaint to allege that Plaintiff had has also been retaliated against because he had complained about age discrimination.

20.  On April 26, 2002, Defendant Police evaluated Plaintiff's performance for the fiscal year period ending 4/30/02 (the "2002 Evaluation").

21.  As compared to Plaintiff's evaluation for the immediately preceding fiscal year, the

2002 Evaluation downgraded Plaintiff's performance in 9 of 20 categories.

22. Until Plaintiff filed the Complaint, and for each of the fiscal year periods for which Defendants maintain records, Plaintiff had received the highest evaluation given in the categories of initiative and loyalty. However, as compared to Plaintiff's evaluation for at least the immediately preceding six (6) fiscal years, the 2002 Evaluation downgraded Plaintiff's performance by two full levels in the category of "loyalty" and "initiative, notwithstanding that during the fiscal year covered by the 2002 Evaluation, Plaintiff had received a commendation from Defendant Deerfield for assisting New York City authorities following the 9/11 attack on the World Trade Center,, on his own time and at his own expense.

23. In further retaliation for having filed the Complaint, the 2002 Evaluation resulted in Plaintiff receiving a merit pay increase that was more than 14% less than the merit increases Plaintiff had received in the immediately two preceding fiscal periods.

24. Plaintiff is informed and believes, and based thereon alleges, that the decrease in Plaintiff's merit increase will likely result in a substantial reduction in the amount of the pension benefit he would otherwise receive upon his retirement if his merit increase had not been decreased as aforesaid.

25. Plaintiff is further informed and believes, and based thereon alleges, that the aforesaid actions, including the decrease in his merit increase, were taken in retaliation for Plaintiff having filed the Complaint.

26. As a proximate result of said unlawful practices, as alleged herein, Plaintiff has been denied equal employment opportunities, income and other benefits because of the retaliatory animus of Defendants and has suffered substantial and irreparable injury, loss of income and other

4

monetary benefits.

27. Moreover, Plaintiff is informed and believes, and based thereon alleges, that Defendants' actions based upon retaliatory animus were taken notwithstanding Defendants' knowledge that such actions violated Title VII and Plaintiff is, therefore, entitled to punitive damages based upon Defendants' intentional and/or reckless disregard of his civil rights.

WHEREFORE, Plaintiff DAVID TURNBAUGH respectively prays this Honorable Court for the entry of judgment in his favor and against Defendants as follows:

A. Ordering Defendants to pay all lost compensation and other employment benefits Plaintiffs would received but for said Defendants' unlawful acts;

B. Awarding Plaintiff liquidated damages based upon the Defendants' willful violations of the ADEA;

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees;

D. Granting Plaintiff prejudgment interest on all of the above amounts;

E. Enjoining Defendants from continuing its unlawful employment practices; and

F. Granting Plaintiff such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury on all issues.

Respectfully submitted,

DAVID TURNBAUGH

By:_____
One of Plaintiff's attorneys

Carey M. Stein
Ashman & Stein
Attorneys for Plaintiff
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312/782-3484

R:\STEIN\TURNBAUG\RETAL.CMP

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| To: David Turnbaugh<br>715 S DYMOND RD<br>LIBERTYVILLE, IL 60048<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Chicago District Office<br>500 W. Madison Street Suite 2800<br>Chicago, IL 60661-2511 | |
|---|---|---|
| **Charge Number**<br>21BA203338 | **EEOC Representative**<br>Nola Smith, S&L Coord. | **Telephone Number**<br>(312) 886-5973 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*[signature]*
John P. Rowe, District Director

NOV 2 0 2002
*(Date)*

Enclosure(s)

cc: VILL OF DEERFIELD POLICE
850 WAUKEGAN RD
DEERFIELD, IL 60015

EEOC FORM 161-B (Rev 01/97)      **CHARGING PARTY COPY**

# CHARGE OF DISCRIMINATION

03W0827-06

Form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | 2003CF0630 |
| ☒ EEOC | |

## Illinois Department of Human Rights and EEOC
State or Local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. David Turnbaugh | (847) 367-5327 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 15 South Dymond Road | Libertyville, Illinois 60015 | 9/1/47 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Village of Deerfield | +20 | (847) 945-5000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 850 Waukegan Road | Deerfield, Illinois 60015 | Lake |

| NAME | TELEPHONE (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION (Check appropriate box(es))
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)
4/30/02
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached Sheet

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

AUG 26 2002

RECEIVED
BY _____

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (When necessary for State and Local Requirements)

"OFFICIAL SEAL"
CAMBY M. STEIN
Notary Public, State of Illinois
My Commission Expires 05/30/04

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Charging Party (Signature)

SIGNATURE OF COMPLAINANT

24 Aug 02

SUBSCRIBE AND SWORN TO BEFORE ME THIS DATE
(Day, month and year)

FORMS 5 (Test 10/94)

## ATTACHMENT TO CHARGE OF RETALIATION:

TURNBAUGH v. DEERFIELD POLICE DEPARTMENT/VILLAGE

A.     I was hired by Respondents on December 23, 1968.

B.     I currently hold the position of Commander in Respondent Deerfield Police Department.

C.     I have been, and remain, qualified for the position I hold, and I have been qualified for each of the positions I have held, at all times while employed by Respondents.

D.     I am performing, and have performed, the duties of each of the positions I have held with Respondents in accordance with the reasonable expectations of Respondents.

E.     On July 10, 2000, I filed a charge of age discrimination against Respondents (the "Charge").

F.     On October 7, 2000, I filed a charge of retaliation against the Respondents.

G.     On February 1, 2002, I filed a Complaint in the United States District Court for the Northern District of Illinois claiming age discrimination ( the "Complaint"). I subsequently amended the Complaint to allege that I has also been retaliated against because I had complained about age discrimination.

H.     I am informed and believe that Respondents believe that I filed my initial charges and the Complaint because of actions taken against me by, Patrick Anderson, the former Chief of Respondent Deerfield Police Department. Chief Anderson retired effective January 5, 2001.

I.     On April 26, 2002, after I refused to withdraw my previously filed charges of age discrimination and retaliation and, instead, filed the Complaint, Respondents evaluated my performance for the fiscal year period ending 4/30/02. Said evaluation: (a) downgraded my performance in 9 of 20 categories; (b) downgraded my performance by two full levels in the category of "loyalty" and "initiative"; and (c) reduced the merit pay increase I had received in

the immediately two preceding fiscal periods from 7% to 6%.

J.  Until I filed the Complaint, and for each of the fiscal year periods for which Respondent Deerfield Police Department maintains records, I had received the <u>highest</u> evaluation given in the categories of initiative and loyalty. Moreover, notwithstanding the downgraded evaluation in "initiative" given to me for the fiscal year period ending 4/30/02, I had, among other things, received a commendation from Respondent Village of Deerfield for volunteering, on my own time and at my own expense, to assist New York City authorities following the 9/11 attack on the World Trade Center. Finally, Respondent Deerfield Police Department could not furnish me with any examples of my lack of loyalty during the period ending 4/30/02 (as compared with previous periods) other than the filing of my age and retaliation Charges and the filing of the Complaint.

K.  The decrease in my merit increase will likely result in a substantial reduction in the amount of my expected pension benefits, a fact well known to Respondents.

L.  The actions of Respondents were taken in retaliation for my having refused to withdraw my previously filed Charges and for having filed the Complaint.

M.  Respondent Village of Deerfield has acted in furtherance of the actions of Respondent Deerfield Police Department.

_____
Charging Party

Date: 24 Aug 02

R:\STEIN\TURNBAUG\RETAL3.CRG

2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s):** DAVID TURNBAUGH

**Defendant(s):** DEERFIELD POLICE DEPARTMENT and VILLAGE OF DEERFIELD

County of Residence: LAKE

County of Residence:

Plaintiff's Atty: CAREY M. STEIN
ASHMAN & STEIN
150 N. WACKER, SUITE 3000, CHICAGO, ILLINOIS
312-782-3484

Defendant's Atty:

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** 29 USC 621

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:
Date:

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                                                    12/4/02

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

In the Matter of

DAVID TURNBAUGH
v.
DEERFIELD POLICE DEPARTMENT and
VILLAGE OF DEERFIELD

DOCKETED
DEC - 5 2002

Case Number: 02C 8784

JUDGE KOCORAS

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

DAVID TURNBAUGH

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] Rachel E. Yarch |
| NAME: CAREY M. STEIN | NAME: RACHEL YARCH |
| FIRM: ASHMAN & STEIN | FIRM: ASHMAN & STEIN |
| STREET ADDRESS: 150 NO. WACKER, SUITE 3000 | STREET ADDRESS: 150 N. WACKER, SUITE 3000 |
| CITY/STATE/ZIP: CHICAGO, ILLINOIS | CITY/STATE/ZIP: CHICAGO, ILLINOIS |
| TELEPHONE NUMBER: (312) 782-3484 | TELEPHONE NUMBER: (312) 782-3484 |
| IDENTIFICATION NUMBER: 37710 | IDENTIFICATION NUMBER: 37710 |
| MEMBER OF TRIAL BAR? YES ✓ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ✓ |
| TRIAL ATTORNEY? YES ✓ NO ☐ | TRIAL ATTORNEY? YES ✓ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |