IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID TURNBAUGH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 02 C 8784 |
| DEERFIELD POLICE DEPARTMENT and VILLAGE OF DEERFIELD, | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF FILING

TO: Carey M. Stein
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

PLEASE TAKE NOTICE that on January 22, 2003, I filed in the United States District Court for the Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 South Dearborn, Chicago, Illinois, the attached **Answer to Complaint**, a copy of which is hereby attached and served upon you.

**Thomas G. DiCianni**
**Lucy B. Bednarek**
ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & ROLEK, P.C.
140 South Dearborn Street, Suite 600
Chicago, Illinois 60603
(312) 782-7606

## CERTIFICATE OF SERVICE

DARLENE HINCKS, a non-attorney, certify that a copy of the foregoing document was served upon the attorney of record, by placing said document in an envelope properly addressed to him at his respective address, and depositing the same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid on January 22, 2003.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID TURNBAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 02 C 8784 |
| ) | |
| DEERFIELD POLICE DEPARTMENT ) | |
| and VILLAGE OF DEERFIELD, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant, VILLAGE OF DEERFIELD, by its attorneys, Thomas G. DiCianni and Lucy B. Bednarek of ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C., and for its answer to Plaintiff's Complaint states as follows:

### THE PARTIES

1. Plaintiff, David Turnbaugh (Turnbaugh), is a resident of Libertyville in the County of Lake, State of Illinois.

**ANSWER:** Defendant admits the allegations of Paragraph 1.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Village of Deerfield ("Deerfield") is an incorporated municipality and a political subdivision of the State of Illinois.

**ANSWER:** Defendant admits the allegations of Paragraph 2.

3. Plaintiff is further informed and believes, and based thereon alleges, that Defendant, Deerfield Police Department ("Police"), is a department within and of Defendant Deerfield.

**ANSWER:** Defendant admits that the Deerfield Police Department is an administrative department of the Village of Deerfield, Illinois, but denies that the Deerfield Police Department is a sueable entity.

4. This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 et.seq. The jurisdiction of this Court is properly invoked based upon the existence of a federal question.

**ANSWER:** Defendant admits the allegations of Paragraph 4, but denies any violation of the ADEA.

5. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b), because the claim arises out of incidents occurring in this judicial district.

**ANSWER:** Defendant admits that venue is proper in this Court.

6. Plaintiff timely filed charges of age discrimination and retaliation in the Equal Employment Opportunity Commission ("EEOC") and has met all of the necessary administrative prerequisites for the filing of this action. The EEOC issued to Plaintiff a Notice of Right to Sue dated November 20, 2002 (Exhibit A) and this action was commended within ninety (90) days from the date of such Notice.

**ANSWER:** Defendant admits that a charge was filed with the EEOC and that a Notice of Right to Sue was issued. Defendant denies that all of the necessary administrative prerequisites were met.

7. Plaintiff was hired by the Defendants on December 23, 1968 and has been continually employed by Defendants since that date.

**ANSWER:** Defendant admits the allegations of Paragraph 7.

8. Plaintiff's birth date is September 1, 1947.

2

**ANSWER:** Defendant admits the allegations of Paragraph 8.

9. Plaintiff currently holds the position of Commander in Defendant Police's Patrol Division.

**ANSWER:** Defendant admits the allegations of Paragraph 9.

10. Plaintiff is among the oldest, if not the oldest, police officer of Defendant Police and has more years of service with the Defendants than any other police officer employed by Defendants.

**ANSWER:** Defendant admits the allegations of Paragraph 10.

11. Plaintiff has been, and remains, qualified for the position Plaintiff holds and is, and has been, qualified for each of the positions Plaintiff holds and has held while employed by Defendants.

**ANSWER:** Defendant admits the allegations of Paragraph 11.

12. Plaintiff is performing, and has performed, the duties of each of the positions Plaintiff holds, and has held, with Defendants in accordance with the reasonable expectations of Defendants.

**ANSWER:** Defendant denies the allegations of Paragraph 12.

13. Plaintiff has never given notice that he wishes to retire from Defendant Police.

**ANSWER:** Defendant admits the allegations of Paragraph 13.

14. Each of the Defendants is an "employer" under the ADEA

**ANSWER:** Defendant admits that the Village of Deerfield is an "employer" under the ADEA, but denies that the Deerfield Police Department is an "employer" under the ADEA.

15. Plaintiff is informed and believes, and based thereon alleges, that it is, and has been,

**ANSWER:** Defendant is unable to respond to this allegation.

15. Plaintiff is informed and believes, and based thereon alleges, that it is, and has been, the policy and practice of Defendants to discriminate against supervisory officers of Defendant police on account of their age and in anticipation of their retirement and that it has been the policy and practice of Defendants to transfer older Shift Commanders out of operations and into supervisory positions in the Defendant Police's Traffic Unit, involving substantially less responsibility and authority within Defendant Police.

**ANSWER:** Defendant denies the allegations of Paragraph 15.

16. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff was transferred out of supervisory positions in operations and into Defendant Police's Traffic Unit and replaced by younger supervisory officers solely because of Plaintiff's age and that Defendant Police has taken a number of other adverse actions against Plaintiff for the purpose of forcing Plaintiff's retirement because of his age.

**ANSWER:** Defendant denies the allegations of Paragraph 16.

17. Plaintiff is further informed and believes, and based thereon alleges, that Defendants willfully discriminated against Plaintiff on the basis of his age and, therefore, violated the ADEA, 29 U.S.C. §621, *et seq.*

**ANSWER:** Defendant denies the allegations of Paragraph 17.

18. On February 1, 2002, Plaintiff filed a Complaint in the United States District Court for the Northern District of Illinois claiming age discrimination (the "Complaint"). That Complaint is now pending in the U.S. District Court for the Northern District of Illinois as Case 02 C 0818.

**ANSWER:** Defendant admits the allegations of Paragraph 18.

19. Plaintiff subsequently amended the Complaint to allege that Plaintiff had has also been retaliated against because he had complained about age discrimination.

**ANSWER:** Defendant admits the allegations of Paragraph 19.

20. On April 26, 2002, Defendant Police evaluated Plaintiff's performance for the fiscal year period ending 4/30/02 (the "2002 Evaluation").

**ANSWER:** Defendant admits the allegations of Paragraph 20.

21. As compared to Plaintiff's evaluation for the immediately preceding fiscal year, the 2002 Evaluation downgraded Plaintiff's performance in 9 of 20 categories.

**ANSWER:** Defendant admits the allegations of Paragraph 21.

22. Until Plaintiff filed the Complaint, and for each of the fiscal year periods for which Defendants maintain records, Plaintiff had received the highest evaluation given in the categories of initiative and loyalty. However, as compared to Plaintiff's evaluation for at least the immediately preceding six (6) fiscal years, the 2002 Evaluation downgraded Plaintiff's performance by two full levels in the category of "loyalty" and "initiative," notwithstanding that during the fiscal year covered by the 2002 Evaluation, Plaintiff had received a commendation from Defendant Deerfield for assisting New York City authorities following the 9/11 attack on the World Trade Center, on his own time and at his own expense.

**ANSWER:** With respect to the first sentence of Paragraph 22, Defendant admits only that Plaintiff received the highest evaluation given in the categories of "loyalty" and "initiative" for the six (6) fiscal years preceding the 2002 Evaluation, but denies that Plaintiff's Complaint affected his 2002 Evaluation. With respect to the second sentence of Paragraph 22, Defendant admits that Plaintiff's performance in the categories of "loyalty" and "initiative" was downgraded in his 2002

Evaluation and further admits that Plaintiff received a commendation from Defendant Deerfield for assisting New York authorities following the 9/11 attack on the World Trade Center, but denies that Plaintiff's trip to New York was considered relevant to Plaintiff's evaluation in the category of "initiative" in his performance for the Deerfield Police Department or "loyalty" to the Deerfield Police Department.

23. In further retaliation for having filed the Complaint, the 2002 Evaluation resulted in Plaintiff receiving a merit pay increase that was more than 14% less than the merit increases Plaintiff had received in the immediately two preceding fiscal periods.

**ANSWER:** Defendant denies the allegations of Paragraph 23.

24. Plaintiff is informed and believes, and based thereon alleges, that the decrease in Plaintiff's merit increase will likely result in a substantial reduction in the amount of the pension benefit he would otherwise receive upon his retirement if his merit increase had not been decreased as aforesaid.

**ANSWER:** Defendant denies the allegations of Paragraph 24.

25. Plaintiff is further informed and believes, and based thereon alleges, that the aforesaid actions, including the decrease in his merit increase, were taken in retaliation for Plaintiff having filed the Complaint.

**ANSWER:** Defendant denies the allegations of Paragraph 25.

26. As a proximate result of said unlawful practices, as alleged herein, Plaintiff has been denied equal employment opportunities, income and other benefits because of the retaliatory animus of Defendants and has suffered substantial and irreparable injury, loss of income and other monetary benefits.

**ANSWER:** Defendant denies the allegations of Paragraph 26.

27. Moreover, Plaintiff is informed and believes, and based thereon alleges, that Defendants' actions based upon retaliatory animus were taken notwithstanding Defendants' knowledge that such actions violated Title VII and Plaintiff is, therefore, entitled to punitive damages based upon Defendants' intentional and/or reckless disregard of his civil rights.

**ANSWER:** Defendant denies the allegations of Paragraph 27.

WHEREFORE, Defendant, VILLAGE OF DEERFIELD, denies that Plaintiff is entitled to any relief against Defendant and prays that this Court enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

Without prejudice to its prior denials, Defendant, VILLAGE OF DEERFIELD, states the following as its affirmative defenses:

1. Defendant, as a governmental entity, cannot be held liable for punitive damages, or for enhanced damages based on alleged wilful conduct.

2. The Deerfield Police Department is not a sueable entity.

3. Defendant, as a governmental entity, cannot be held liable based on Eleventh Amendment immunity.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5. Plaintiff failed to mitigate damages.

6. Even in the absence of the protected conduct, Defendant would have taken the contested action.

7. Any and all allegations dating back to March 26, 2001, or earlier are time barred by the statute of limitations.

8. Plaintiff did not suffer any adverse employment actions.

9. The actions Plaintiff complains of did not constitute adverse employment actions.

WHEREFORE, Defendant, VILLAGE OF DEERFIELD, denies that Plaintiff is entitled to any relief against Defendant and prays that this Court enter judgment in its favor and against Plaintiff.

> Respectfully submitted:
> **VILLAGE OF DEERFIELD**
>
> By: *[signature]*
> One of its attorneys

Thomas G. DiCianni
Lucy B. Bednarek
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
Firm ID 90053
^L:\CDONOVAN\MY DOCUMENTS\ATTORNEY\LBB\TURNBAUGH II\ANSWER.WPD / 4953256.000